UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WAYNE W. BLACK, JR.,           )
                               )      No. CV-10-0164-CI
          Plaintiff,           )
                               )      ORDER DENYING PLAINTIFF'S
v.                             )      MOTION FOR SUMMARY JUDGMENT
                               )      AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner)      MOTION FOR SUMMARY JUDGMENT
of Social Security,            )
                               )
          Defendant.           )
                               )

_____

     BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 15, 21.) Attorney Rebecca M. Coufal represents Wayne W. Black (Plaintiff); Special Assistant United States Attorney Jordan D. Goddard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

                          **JURISDICTION**

     On February 21, 2006, Plaintiff was granted child disability benefits as of December 20, 2005, due to a spinal cord injury with fractures that left him a functional paraplegic. (Tr. 15, 40.) On review of his case, the Commissioner found medical improvement related to his ability to work and Plaintiff's benefits under Title II of the Social Security Act were terminated as of January 1, 2008.

(Tr. 38-42.)  Plaintiff requested review by an administrative law judge (ALJ).  A hearing before ALJ Paul Gaughen was held on August 27, 2009, at which Plaintiff appeared and testified.  (Tr. 464-95.) Plaintiff waived his right to assistance of a representative on the record.  (Tr. 467-68.)  Plaintiff's mother, Jody Lynn Black; medical expert Arthur Lorber, M.D.; and vocational expert Fred Cutler also appeared and testified.  (Tr. 465.)  ALJ Gaughen affirmed the agency's decision and denied benefits on September 23, 2009.  (Tr. 13-21.)  The Appeals Council denied review on April 8, 2010.  (Tr. 5-7.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**CONTINUING DISABILITY REVIEW SEQUENTIAL PROCESS**

During a continuing disability review, the following sequential process is the analytical framework for determining whether benefits will continue:  (1) Is the claimant engaging in substantial gainful activity? (2) Is there an impairment or combination of impairments that meets or equals the severity of a listed impairment? (3)  If there is no such impairment, has there been medical improvement? (4) If there has been medical improvement, has there been an increase in the residual functional capacity based on the impairment that was present at the time of the most recent favorable medical determination? (5) If there has been no medical improvement or the medical improvement is not related to an ability to work, then the ALJ must examine the exceptions found in paragraphs(d) and (e) of §

404.1594;[1] (6) If medical improvement is related to ability to do work or if one of the exceptions in (d) applies, then the ALJ must determine whether all the current impairments in combination are severe; (7) If severe impairments are found, then a determination will be made whether the claimant can perform past relevant work; (8) If unable to perform past relevant work, then a determination will be made whether other work can be performed.  *See* 20 C.F.R. § 404.1594(f) (explaining the eight-step analytical framework for determining whether a claimant's disability should be terminated); (Tr. 38-47 (agency analysis)).

                          **STATEMENT OF THE CASE**

Plaintiff was 32 years old at the time of the hearing.  He had been granted child disability benefits in 2006 after suffering serious spinal injuries in a motor vehicle accident that left him a functional paraplegic in December 2005.  (Tr. 40.)  He received rehabilitation services at Harborview Medical Center in Seattle, Washington, St. Luke's Rehabilitation Institute and Northwest Medical Rehabilitation Center in Spokane, Washington, between December 21, 2005, and July 18, 2007.  (Tr. 40, 193-437.)  At the

---

[1] Those exceptions under section (d) include advances in medical or vocational therapy or technology, new or improved diagnostic or evaluative techniques indicating the impairment is not as disabling as once thought, or the prior decision was in error, the claimant is engaging in SGA.  Under section (e), the exceptions include evidence of fraud in obtaining benefits, lack of cooperation by or inability to find the claimant, and failure to follow prescribed treatment.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

time of the hearing, he was able to ambulate without an assistive device. (Tr. 477.) He testified he drove a vehicle about once a month. (Tr. 476-77.) He reported he had not had an unmanageable problem with depression since he was 18 years old, and he was not taking any medication. (Tr. 484.) Plaintiff reported attending, but dropped out in the 12th grade because he was so far behind. (Tr. 481.) He stated he had attended special education classes through high school. (*Id*.) He testified he could not comprehend what he reads, and has to have someone read to him. (Tr. 482.) However, upon further questioning from the ALJ, he testified he was not illiterate, could do math, had trouble writing and reading, but could fill out a job application. (Tr. 482-83.) Regarding physical limitations, he agreed with the exertional limitations opined by the medical expert.[2] He testified specifically that he experiences extremely bad pain if he walks too far or lifts too much weight. (Tr. 486.)

_____

[2] The limitations opined by Dr. Lorber, based on his review of the record and information from Plaintiff at the hearing, are:

> He may occasionally lift up to 10 pounds and frequently less than 10 pounds. He may stand and/or walk for a total two hours per day, not for more than 30 minutes at a time. He may sit for six hours a day in total, not for more than 30 minutes at a time. A sit/stand option would be optimal. Clearly he cannot balance, should not work at unprotected heights or around dangerous moving machinery. He should not be exposed to concentrated vibrations. He should avoid environments that are extremely cold or extremely hot. He cannot climb ladders, scaffolds or ropes. But he may occasionally ascend stairs and/or ramps. Because the paraplegia is at a T4 level, there is no involvement in the upper extremists. And he requires no manipulative restrictions. He should not utilize a foot pedal to operate a machine on a frequent basis.

(Tr. 480.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

**ADMINISTRATIVE DECISION**

The ALJ concluded disability ceased effective January 1, 2008, due to medical improvement, and Plaintiff had not developed additional impairments after February 21, 2006. (Tr. 15.)  He found as of January 1, 2008, Plaintiff had the severe impairment of residuals from spinal fracture, but the impairment did not meet or equal the severity of an impairment in the Listings, 20 C.F.R. Part 404, Subpart P, Appendix I). (Tr. 15-17.)  He found Plaintiff had not engaged in substantial gainful activity since his determination of disability in 2006 and had no past relevant work.  (Tr. 15.) After discussing Plaintiff's testimony, the ALJ found Plaintiff's statements regarding his symptoms were credible. (Tr. 19.)  Based on medical expert testimony, the ALJ found Plaintiff had the capacity for sedentary work with the following restrictions:

> He can occasionally lift 10 pounds.  He can stand and/or walk 2 hours in an 8-hour day, not more than 30 minutes at a time.  He can sit 30 minutes for a total of six hours in an 8-hour day.  He should have a sit/stand option.  He should avoid frequent use of foot pedals.  He should avoid climbing scaffolds and ropes.  He should avoid balancing tasks or work around heights or dangerous machinery.  He should avoid concentrated vibration and temperature extremes.  There are no manipulative restrictions.

(Tr. 17.)  Based on vocational expert testimony, the ALJ concluded Plaintiff could perform work in the national economy such as cashier, hand packer and general or electrical assembler, and was therefore not disabled.  (Tr. 19-20.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) failed to fully develop the record and (2)

presented an incomplete hypothetical to the vocational expert. (ECF No. 16.)

**DISCUSSION**

**A.   Duty to Develop Record**

Plaintiff argues the ALJ erred by not attempting to obtain records from and the Community Health Association of Spokane (CHAS) regarding his mental state.  He also contends the ALJ should have ordered a psychological consultative evaluation and obtained earlier medical records from treating doctor Karen Stanek, M.D., Ph.D.[3] (ECF No. 16 at 10-12.)

Generally, an ALJ's duty to supplement the record is triggered by ambiguous evidence or when the record is inadequate to properly evaluate the evidence.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

---

[3]  It appears Dr. Stanek was one of Plaintiff's treating physicians at Northwest Medical Rehabilitation (NMR). (*See* Tr. 436-37.)  Plaintiff's general assertion that the ALJ should have obtained earlier records from Dr. Stanek is unexplained and, therefore, is not considered on review.  *Carmickle v. Comm of Soc. Sec.* 533 F.3d 1155, 1161 n.2 (2008); *citing Paladin Assoc. v. Montana Power Co.* 328 F.3d 1145, 1164 (9th Cir. 2003) (failure to argue issue with specificity precludes consideration by review court).  Further, the March 2007 NMR clinic note dictated by Dr. Stanek reports significant medical improvement and does not reference mental health concerns as alleged by Plaintiff. (Tr. 436-37.)  The ALJ reasonably accepted this unambiguous evidence of Plaintiff's improved medical condition.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

This duty is heightened when a claimant is unrepresented at the proceedings. With a *pro se* claimant, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Vidal v. Harris,* 637 F.2d 710, 713 (9th Cir. 1981) (*citing Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978). Lack of counsel is not enough to warrant remand; the claimant must show prejudice or unfairness in the proceedings to be entitled to a remand. *Id.* (*citing Hall v. Secretary of Health, Ed. and Welfare*, 602 F.2d 1372 (9th Cir. 1979).

**1.   Remand for Representation**

The record shows Plaintiff received and signed a notice from the Social Security Administration in June 2009 that explained his right to counsel and how to access representation. At that time, he indicated he did not intend to seek counsel. (Tr. 64-65, 67.) In addition, as noted by the ALJ, Plaintiff was advised of his right to representation at the hearing and declined assistance of counsel or a representative. (Tr. 13, 467-68.) ALJ Gaughen specifically asked Plaintiff if he had read the written notice and understood it, and whether he had questions regarding the option of having a lawyer. Plaintiff testified he had read the notice and understood, and did not have any questions.  (Tr. 467.)  Responding to Plaintiff's testimony that he did not entirely understand the hearing process, the ALJ summarized the medical evidence establishing Plaintiff's physical impairments, explained the sequential evaluation process, the purpose of the purpose of the Listings, the purpose of the hearing and Plaintiff's testimony, and the role of the medical expert and the vocational expert.  The ALJ also noted the evidence

raised the issue of mental health problems, but, as discussed below, found symptoms did not significantly affect Plaintiff's work related activities. (Tr. 468-69).

The ALJ then spoke with Plaintiff's mother, explaining that she would be able to clarify Plaintiff's testimony if need be, after Plaintiff testified. (Tr. 469-70.) He also advised Plaintiff that he could consult with his mother. (Tr. 471.)  The transcript shows that throughout the hearing, the ALJ was mindful of Plaintiff's unrepresented status, was diligent in exploring all the facts relevant to Plaintiff's claim, and met his duty to ensure the proceedings were "understandable" and "fundamentally fair." *Richardson*, 402 U.S. at 400-01; *see also Musgrave v. Sullivan*, 966 F.2d 1371, 1374-75 (10th Cir. 1992) (careful inquiry of unrepresented claimant satisfies the ALJ's heightened obligation to develop the record).  Plaintiff has not demonstrated that lack of representation prejudiced him during the administrative proceedings or that the hearing was fundamentally unfair; therefore, remand for representation is not warranted. *Vidal,* 637 F.2d at 713.

**2.   Remand for Additional Medical Records**

In continuing disability proceedings, it is Plaintiff's duty to prove he is still disabled. *Mayes,* 276 F.3d at 461.  To qualify for continuing benefits based on a new severe impairment, Plaintiff must provide evidence that the new impairment is "severe enough to keep you from doing substantial gainful activities, or severe enough so that you are still disabled under § 404.1594."  20 C.F.R. § 404.1598.  Where, as here, Plaintiff is alleging an additional mental impairment, it is Plaintiff's initial burden to prove its

existence by providing medical evidence from an acceptable medical source, consisting of signs, symptoms, and laboratory findings. The claimant's own statement of symptoms alone, or speculation that a mental impairment might exist, will not suffice. 20 C.F.R. §§ 404.1508, .1527(a)(2), .1528; 416.908, .927(a)(2), .928. Further, it must be shown that the alleged severe impairment lasted or is expected to last 12 months. 20 C.F.R. § 404.1509; 20 C.F.R. § 404.1519a(a)(2).

Plaintiff's argument that the ALJ should have further developed the record to assist Plaintiff is unpersuasive. (ECF No. 16 at 9-10.) Even when a claimant is unrepresented, the ALJ is only required to seek additional evidence if the evidence already present consistently favors the claimant. *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001). Here, the evidence before the ALJ shows Plaintiff's mental health issues improved as his physical condition improved. For example, Plaintiff was found disabled as of December 20, 2005. (Tr. 13.) At that time, clinic notes show Plaintiff demonstrated depressed mood symptoms "secondary to his injury." (Tr. 41, 173, 414.) Also noted by the counselor were problems at that time with school work, alcohol and drug abuse, a legal history, and resistance to mental health treatment, including medication. (Tr. 414.) There is no indication these problems persisted for 12 months. In January 2006, the counselor noted Plaintiff's adjustment, improved mood, and brighter affect and a plan to restart anti-depressants. (Tr. 420.) As found by the ALJ, by September 2006, school reports indicated Plaintiff, despite his physical disability, had "adequate skills to find and maintain employment."

(Tr. 76.)  By March 2007, Plaintiff's treating physicians noted an active lifestyle, ability to ambulate, reported enjoyment of working with cars and riding motor bikes and four wheelers, independent self-care, and no interest in counseling or therapy. (Tr. 432-36.) Plaintiff was taking Zoloft daily, and no symptoms of depression were reported.  (Tr. 436.)  The ALJ reasonably found no ambiguity in the medical records, medical expert testimony, and Plaintiff's own testimony indicating Plaintiff's spinal injury and mental health had improved.

Regarding remand for CHAS records and a psychological examination, Plaintiff's testimony establishes that the ALJ did not err in his consideration of the evidence.  Plaintiff testified his first visit to CHAS was two weeks before the hearing.  (Tr. 475.) Thus, these records would not establish a severe impairment before January 1, 2008.  20 C.F.R. §§ 404.1598, 416.998.  Further, Plaintiff stated he was seen one time by a medical provider at CHAS, who had written a letter listing his "permanent disabilities." (Tr. 475.)  However, he stated he had not yet received treatment from the CHAS provider, and he forgot to bring the letter to the hearing. (*Id.*)  Plaintiff's mother clarified the referenced CHAS provider was physician's assistant Art Flores.  (Tr. 493.)

The ALJ reasonably determined the letter from CHAS was not probative, and, therefore, did not keep the record open for additional evidence.  Even if the referenced letter from Mr. Flores were included in the record, it would not change the outcome of these proceedings.  The opinions of Mr. Flores could neither establish a diagnosis nor contradict the opinion of the accepted

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

medical sources relied upon by the ALJ.   20 C.F.R. § 404.1513; *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989));* SSR* 06-03p.   Further, Plaintiff testified he had only seen Mr. Flores one time; therefore, at the time of the hearing, there was no longitudinal history or progress notes based on Mr. Flores' observations to describe what impact, if any, mental health problems had on Plaintiff's ability to work.    In these circumstances, the ALJ was not required to seek additional records from CHAS.

### 3.    Remand for a Consultative Psychological Examination

Consultative exams are purchased to resolve conflicts or ambiguities "if one exists" and to obtain needed medical evidence not in the file that is "necessary for decision."    20 C.F.R. § 404.1519a(a)(2), 416.919a(1)(2).    The Commissioner has "broad latitude in ordering a consultative examination." *Reed v. Massanari,* 270 F.3d 838, 840 (9th Cir. 2001) (*quoting Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir. 1990)). Further, the ALJ is only required to seek additional evidence if the evidence already present consistently favors the claimant.   *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001).    There must be sufficient objective evidence in the record to suggest the "existence of a condition which could have a material impact on the disability decision."    *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).

As discussed above, the record does not reflect mental health problems that had more than a minimal impact on Plaintiff's work related activities.   The evidence shows that as Plaintiff's physical condition improved, his mental health improved.   The record before

ALJ Gaughen was "neither ambiguous nor inadequate for proper evaluation of the evidence" before him. *Mayes*, 276 F.3d at 460. Plaintiff's speculation that a mental impairment "may exist" is not sufficient to justify the purchase of a consultative examination.[4] *Reed,* 270 F.3d at 840. Finally, the evidence in the record is sufficient to support the ALJ's decision. Therefore, remand for a consultative examination is not warranted. 20 C.F.R. § 404.1519a((b); *Mayes, supra* at 462.

**B.   Hypothetical Question**

Plaintiff contends the ALJ erred when he did not include all of his limitations in the hypothetical individual propounded to the VE at step five. Specifically, Plaintiff argues the ALJ should have included more limitations than those assessed by medical expert Dr. Lorber, after his review of the medical record. (ECF No. 16 at 12-13.)

An ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Where limitations are properly rejected by the ALJ, it is not error to exclude these limitations in the hypothetical relied upon by the VE

---

[4]   In his request for review of the ALJ's decision, Plaintiff and his representative were advised of the right to submit additional evidence with the request. (Tr. 9, 10.) For reasons unexplained, neither the referenced letter nor treatment records from CHAS were submitted to the Appeals Council or this court on appeal.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

in her testimony. *Id.*

As noted above, the ALJ found Plaintiff statements regarding his limitations credible. Consistent with the RFC assessment and hypothetical individual considered by the VE, Plaintiff stated he agreed with the medical expert's assessment of physical limitations; he was not illiterate but had problems with reading, writing and math; and was bothered by extreme pain when he walked or lifted too much. (Tr. 482, 485-86.) His testimony is consistent with the 2006 school records indicating Plaintiff had adequate skills for employment. (Tr. 76.) Significantly, mindful of Plaintiff's testimony regarding pain with prolonged standing (Tr. 486), Dr. Lorber opined a sit/stand option as "optimal." *See supra*, n.2. The VE heard and incorporated these limitations in his testimony. (Tr. 487.) He noted Plaintiff's limitations were "significant," and identified available unskilled sedentary work that Plaintiff could perform with a sit/stand option.[5] (Tr. 487.)

The ALJ also specifically addressed Mrs. Black's testimony that Plaintiff still had problems with bladder control. (Tr. 17-18, 490-91.) Based on medical records, the ALJ found neurogenic bladder problems occurred primarily at night. (Tr. 19.) This finding, which

---

[5] Sedentary work involves lifting no more than ten pounds at a time. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally. "Occasional" means very little, up to one third of the time (about two hours of an eight hour work day). *SSR* 83-10.

does not reject Mrs. Black's testimony but discounts the bladder problems' effect on daytime work activities, is supported by records from Plaintiff's treating doctors at Northwest Medical Rehabilitation. (Tr. 429-37.) For example, in May 2007, treatment notes reflect consideration of medication for Plaintiff's nocturnal enuresis. (Tr. 432-33.) In July 2007, Dr. Stanek's dictated note indicates Plaintiff was living an active lifestyle, riding four wheelers and motorbikes, with good mobility, normal bowel sensation and function with nocturnal enuresis as his primary problem. (Tr. 300.) The ALJ reasonably interpreted these reports by Plaintiff's treating physician and psychologist, along with Plaintiff's testimony, as evidence that Plaintiff's bladder problems did not have a significant impact on his work-related capabilities. Because the ALJ was required to include only those limitations reasonably supported by the record and credible testimony, his hypothetical was not erroneous.

## CONCLUSION

The ALJ was not required to further develop the record and his hypothetical question to the VE included all limitations supported by substantial evidence. The Commissioner's determination of non-disability after January 1, 2008, is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(ECF No. 21)** is **GRANTED**;

The District Court Executive is directed to file this Order and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Defendant**, and the file shall be **CLOSED**.

DATED December 14, 2011.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16